Stephenson v. Walden.

STEPHENSON v. WALDEN et al.

Assignment: OF ACCOUNT AGAINST COUNTY: ATTACHMENT OF COUNTY WARRANT: NOTICE. The levy of an attachment upon a county warrant in the hands of the clerk of the District Court, issued upon an account of the defendant against the county, but which, at the time of the levy, he had assigned for a valuable consideration to a third party, of which the clerk received notice before, but the plaintiff not until after, the levy, gives to the attaching creditor no right on the warrant as against such third party. The creditor in such case acquires by his levy no greater interest than the debtor had in the property attached.

*Appeal from Appanoose District Court.*

WEDNESDAY, JANUARY 29.

THE plaintiff, Robert Stephenson, brought suit before a justice of thé peace, against Joseph Walden, upon an account, and caused an attachment to be issued, which was, on the 6th day of August, 1867, levied upon a county warrant, issued by Appanoose county in favor of Joseph Walden, for thirty-three dollars; the sheriff levying the writ received the warrant from the clerk, and receipted to him therefor. After this levy, to wit, August 13, 1867, Bradley & Campbell filed their petition as intervenors, showing that the county warrant was issued to said Walden for his services in assessing Lincoln township in said county, and that Walden, on the 26th day of April, 1867, assigned, in writing, his account for said services to them, of which they notified the clerk; and that the warrant was issued in payment of the account. They justice of the peace rendered judgment in favor of the plaintiff, against Walden, for the account sued on, and subjected the county warrant to the payment of it; and also dismissed the petition of the intervenors, and rendered judgment against them for the costs thereof. The intervenors appealed to the District Court, where judgment was rendered in their favor.

From this last judgment the plaintiff appeals to this court.

*Withrow & Wright* for the appellant.

*Amos Harris* for the appellees.

COLE, J. — The District Court found as facts, that Walden did assess Lincoln township for 1867, and the county owed him for that service; that, on the 25th day of April,

1867, he made out, swore to and filed with the clerk, his account therefor; that on the next day, April 26, 1867, Bradley & Campbell bought the account of Walden, and paid him full value therefor, and received from him an order in writing upon the clerk for the amount due him for his said services; that, before the levy of the attachment, Bradley & Campbell notified the clerk of their right to the warrant; that the writ of attachment in favor of plaintiff was levied upon the warrant on the 6th day of August, 1867, and that plaintiff had no notice of Bradley & Campbell's claim to the warrant, until after the levy. The District Court, upon these facts, rendered judgment in favor of the intervenors, Bradley & Campbell. This judgment, upon the authority of *Allison et al.* v. *Barrett* (16 Iowa, 278), and *Thomas* v. *Hillhouse* (17 id. 67), must be affirmed. At the time of the levy of the writ of attachment, the defendant therein, Joseph Walden, was not the owner of the warrant, and, by the levy, the attaching creditor only acquired the interest of his debtor therein. Drake on Attachment, § 223. What would have been the effect, upon the rights of the parties, of a sale under the attachment proceedings before any claim to, or notice by, Bradley & Campbell, of their interest in the warrant, we need not determine. They have been diligent in the assertion of their rights, and made their claim before the plaintiff had advanced any consideration or changed his position by reason of the seizure of the warrant under his attachment. Their rights accrued prior to the plaintiff's and are paramount to his.

                                        Affirmed.