ROESCH *v.* W. B. WORTHEN COMPANY.

Opinion delivered June 20, 1910.

1.  OFFICES AND OFFICERS—FEES—ASSIGNMENT.—While the unearned fees
    or salary of a public officer may not be assigned, and are not sub-
    ject to garnishment, there is no reason why an assignment of such
    fees or salary may not become effective after the salary or fees
    have become earned and are payable.  (Page 485.)

2.  SAME—WHEN ASSIGNMENT OF COMMISSIONS EFFECTIVE.—Where a
    county treasurer assigned his unearned commissions to a creditor,
    such assignment became effective when the commissions were earned,
    and took precedence over an equitable garnishment procured by an-
    other creditor which sought to have the commissions applied to
    the payment of the latter's claim.  (Page 486.)

3.  APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.—A
    chancellor's findings of fact will be sustained on appeal unless clearly
    against the preponderance of the evidence.  (Page 487.)

Appeal from Pulaski Chancery Court; *John E. Martineau,*
Chancellor; affirmed.

*Miles & Wade,* for appellant.

Appellant is entitled to subject by a creditor's bill the fees
of the county treasurer that had already accrued to him for
work.  56 Ark. 476; 70 Miss. 267; 49 Mo. 565; 42 Pac. 733; 10
Fed. 799; 91 Fed. 574; 11 Col. 337; 20 Conn. 416; 10 R. I. 285;
13 N. H. 502; 26 Pac. 1002; 10 B. Mon. 108; 12 Bush 354;
15 O. St. 462; 35 S. W. 412; 65 Tex. 359; 29 Atl. 815; 84 Ga.
769; 92 Mich. 285; 21 Neb. 675; 66 Ia. 99; 31 Gratt. 784;
17 N. E. 75.  There was no authority to appropriate the funds
to the payment of appellee's debt.  78 Ark. 245; 21 Atl. 815;
8 Wheat. 174.  The attempted assignment was void.  68 Neb.
482; 118 Mo. 146; 24 S. W. 937; 27 S. W. 723; 141 N. Y.
9; 110 Mich. 203; 98 Ill. App. 517; 58 N. Y. 442; 86 Tex. 303;
45 How. Pr. 392; 36 Fed. 147; 89 Ala. 266; 2 Ariz. 358; 46
N. J. Eq. 560; 49 N. J. L. 144; 10 S. Dak. 306; 42 W. Va. 229.
Because as to appellant it is fraudulent.  18 N. J. Eq. 532; 86
Me. 147; 20 Md. 107.

*Cockrill & Armistead,* for appellee.

The assignment was complete and valid and not fraudulent.
23 Minn. 239; 25 Ia. 336; 95 Am. Dec. 790; 20 W. Va. 497.  The
assignment, coupled with order on funds, entitled appellee to

commissions.  63 Mich. 350; 54 Fed. 867;. 35 Vt. 89.  The assignment was not void. ` 4 Ala. 333; 37 Am. Dec. 744; 15 Wis. 78; 7 Metc. 335; 61 Am. Dec. 414; 2 Allen 541; 4 Bush 8; 91 Ky. 596; 16 S. W. 464; 34 Am. St. Rep. 242; Rice, Eq. 60; 79 Ky. 260; 42 Am. Rep. 215; 9 Wash. 473; 43 Am. St. Rep. 849; 28 Kan. 415; 42 Am. Rep. 167.  Appellant acquired no lien against appellee.  80 Ill. App. 338; 75 Tex. 458; 86 Md. 344; 22 Nev. 127; 58 Am. St. Rep. 729; 32 Minn. 381; 166 Mo. 503; 69 N. H. 390; 76 Am. St. Rep. 178; 66 Neb. 236; 73 Tex. 612; 11 S. W. 863.  The salary of a public officer can not be garnished.  56 Ark. 476; 9 Ark. 553; 33 Minn. 132; 45 Ill. 133; 92 Am. Dec. 204; 3 Pa. St. '368; 45 Am. Dec. 650; 15 Wis. 193; 100 Ga. 346; 170 Ill. 580; 44 L. R. A. 405; 6 Ill. App. 225; 15 O. St. 462; 10 Fed. 799; 2 Kan. App. 407; 42 Pac. 733; 54 Ind. 501; 23 Am. Rep. 661; 156 Mo. 643; 79 Am. St. Rep. 545.

FRAUENTHAL, J.  This was an action in the nature of a creditors' bill, seeking to satisfy a judgment out of indebtedness due to the judgment-debtor, which could not be reached  by ordinary legal process, and by equitable garnishment to apply such indebtedness to the extinguishment of the judgment.

Fred Roesch, the plaintiff below, had obtained a judgment against R. J. Polk, the principal defendant in the present suit, some years prior to the institution of this action, which remained wholly unsatisfied.  In 1907 and for some years prior thereto R. J. Polk was treasurer of Pulaski County, Arkansas, and had deposited the public funds of said county during said years with the defendant, W. B.. Worthen Company, an incorporated bank, in his name as such county treasurer.  The compensation of said Polk as county treasurer consisted of commissions upon ' the public funds thus received by him  from time to time.  These commissions during the year of 1907 and up to the time of the institution of this action in June, 1908, amounted in the aggregate to ' about $5,000.  In his complaint the plaintiff alleged that these commissions due to said Polk were on deposit with said W. B. Worthen Company in the name of said Polk as county treasurer, and had not as yet been segregated from the public funds of said county, and he sought by this proceeding in the nature of an equitable garnishment against said Worthen Company to have the said com-

missions due to Polk applied to the satisfaction of his judgment against him.

The testimony of the cashier of W. B. Worthen Company tended to prove that on October 16, 1907, R. J. Polk became indebted to W. B. Worthen Company in the sum of $6,000, for which he on that day executed his note payable 9 months after date; and in said note it is stated that he "deposited or pledged with said W. B. Worthen Company as collateral security for the payment of this note all my commissions as treasurer of Pulaski County, Ark., which are or may become due to October 31, 1908." On the same day he executed an additional written instrument in which he authorized and directed "W. B. Worthen Company to collect and receipt for all commissions which are or may be due me as county treasurer of Pulaski County during my present term of office, which expires October 31, 1908." All the commissions that the evidence adduced upon the trial of this case shows were due to R. J. Polk had been earned and were due to him prior to the institution of this action, and the cashier of W. B. Worthen Company testified that these commissions as they were earned were in the hands of W. B. Worthen Company, and became the property of that company by virtue of said assignment from Polk, and were appropriated to the payment of said note from Polk, although they were not actually credited upon the note until after the institution of this action; that there were no commissions due to Polk at the time of the institution of his suit, and that W. B. Worthen Company was not indebted·in any manner to said Polk. The chancellor made his findings in favor of W. B. Worthen Company, and entered a decree denying to plaintiff any relief against the said company; and from that portion of the decree the plaintiff has appealed to this court.

It is urged that the assignment of the commissions of his office of county treasurer made by R. J. Polk to W. B. Worthen Company on October 31, 1907, was invalid. This contention is made upon the ground that the fees or commissions of the office were at that time unearned; and plaintiff invokes the rule of law that the assignment of the future emoluments of·a public office is void. This is the English rule, and the preponderance of American authority supports the rule.

It is said that "the rule rests upon the ground of public policy, which forbids anything tending to weaken the efficiency of the public service." The law presumes that the officer requires the payment of his salary to enable him to properly perform the duties of the office. It is held that the public service is protected by protecting those engaged in performing public duties, and the funds that are provided by the law for the maintenance of the office should be received by those who are to perform the work at the time and in the manner appointed by the law for its payment. In order to obtain faithful and efficient service from public officers, it is the policy of the law to forbid the assignment of the unearned commissions or salary of a public officer. *Bliss* v. *Lawrence,* 58 N. Y. 442. And see *First Nat. Bank* v. *O'Brien,* 4 A. & E. Ann. Cases, 423 and note to said case; *McGowan* v. *New Orleans,* 10 A. & E. Ann. Cases, 633; 4 Cyc. 19.

But the same rule of public policy which forbids the assignability of the unearned fees and salary of a public officer involves also the conclusion that such fees and salary can not be reached by attachment, garnishment or other legal proceeding. This rule is placed upon the further ground that the officers entrusted with public duties should not be embarrassed or interrupted by such litigation, and that the efficiency of the public service should not be hazarded by any uncertainty respecting the payment of the officer charged with the performance of public duties. In the case of *McMeekin* v. *State,* 9 Ark. 553, it is said: "The question is distinctly presented whether or not the salary due from the State to one of her public officers can by garnishment be seized before being paid to him and appropriated to the payment of his judgment debts. And this seems to be absolutely forbidden by considerations of public policy. * * * The proper and efficient administration of the State Government in all its departments would be endangered by the establishment of the doctrine contended for by the plaintiffs in error; * * * it would at all times in its practical operation be embarrassing, would frequently be mischievous, and under some circumstances might prove fatal to the public service." *Geist* v. *St. Louis,* 156 Mo. 643; *Morgan* v. *Rust,* 100 Ga. 346; *Knox* v. *Erie City,* 28 Pa. St. 175; *Mayor* v. *Rowland,* 26 Ala. 498; *McDougal* v. *Supervisors,* 4 Minn. 130; *Boalt* v. *Williams Co.,*

18 Ohio 13; 12 A. & E. Enc. Law, 70; 20 Cyc. 1030; Rood on Garnishment, § 18.

But the objections to an assignment of the prospective compensation of an officer do not apply to his fees and salary after the same have been earned, and there is no legal objection to such an assignment becoming effective after the salary or fees have become earned and are payable. Throope on Public Officers, § 45; *Bliss* v. *Lawrence,* 58 N. Y. 442; *Stephenson* v. *Walden,* 24 Iowa 84.

In the case at bar the commissions of Polk as county treasurer on the various public· funds received by him prior to the institution of this suit were then earned and payable to him. These fees and commissions so earned were then in the hands of W. B. Worthen Company, and the assignment thereof which had been made to it by Polk became then effective. The mere fact that· credit therefor was not then written upon the note would not defeat the right of W. B. Worthen Company thereto. The commissions were in their possession; and by the assignment, which then was valid and effective, these commissions were in equity appropriated to payment on the note, which represented the indebtedness that Polk was then owing the W. B. Worthen Company, and to the payment of which the commissions were pledged. The rights which the plaintiff seeks to obtain by this equitable proceeding can be no greater than the rights which the W. B. Worthen Company obtained to the earned fees and commissions by virtue of said assignment.

Nor can the plaintiff, by virtue of this proceeding in the nature of an equitable garnishment, acquire any greater right to these earned commissions than the defendant Polk could have asserted or enforced, in the event the indebtedness to W. B. Worthen Company was *bona fide,* and the assignment of the fees was made in good faith and for a valuable consideration. By this proceeding W. B. Worthen Company was in effect made a garnishee, and as such it had a right to retain all funds and earned fees which it could by virtue of said assignment appropriate to the payment of the indebtedness of said Polk to it. For such fees and commissions the defendant Polk could not hold W. B. Worthen Company liable, and this garnishment proceeding can not place it in a worse position, or under any greater liability, than it would be should the debtor Polk at-

tempt to obtain these earned fees which had thus been equitably appropriated upon his indebtedness to W. B. Worthen Company. Rood on Garnishment, § § 44, 46; 20 Cyc. 1060.

It is urged that the assignment of said commissions is void because it was made for the purpose of delaying and defrauding the plaintiff in the collection of his judgment. This contention presents a question of fact as to whether or not Polk was actually indebted to W. B. Worthen Company and made the transfer of said commissions to it in good faith and for a valuable consideration. The chancellor by his decree, in effect, made a finding that the note executed by Polk to W. B. Worthen Company in October, 1907, was for money actually loaned to him, and that the indebtedness represented by the note was *bona fide;* and that the assignment of the commissions was made in good faith and to secure the payment of said note, and not with the intent to delay or defraud plaintiff in the collection of his debt. We have examined the evidence adduced upon the trial of this case, and we can not say that these findings of the chancellor are clearly against the preponderance of the evidence. We do not think that it would serve any useful purpose to set the testimony out in detail. It appears that the relations between R. J. Polk and W. B. Worthen Company were very close, and that the entire control and management of the treasurer's office was turned over to the cashier of that company. But the manner in which that office was conducted and the emoluments received therefrom could not in any way affect the rights of the parties to this litigation. There was sufficient evidence to sustain the findings of the chancellor that the indebtedness due from Polk to W. B. Worthen Company as represented by the note was *bona fide,* and that the commissions were assigned in good faith, and were subject to be appropriated in payment on said note prior to the institution of this suit. Under such circumstances the findings of the chancellor should not be disturbed. *Whitehead* v. *Henderson,* 67 Ark. 200; *Hinkle* v. *Broadwater,* 73 Ark. 489; *Bank of Pine Bluff* v. *Levi,* 90 Ark. 166.

The decree is affirmed.