<hr/>

### WHITEHEAD *v.* HENDERSON.

Opinion delivered November 18, 1899.

SUBROGATION—SECURITY HELD BY SURETY.—A creditor has the right, in case of default by his debtor, to avail himself of a security given by the debtor to his surety to indemnify the latter against liability for the debt. (Page 205.)

Appeal from Washington Circuit Court in Chancery.

EDWARD S. McDANIEL, Judge.

#### STATEMENT BY THE COURT.

The appellee filed his complaint in the Washington county circuit court on the 12th day of June, 1897, against W. Gollaher, V. A. Gray, Sarah C. Wilks, W. S. Pollard, administrator of R. C. Wilks, deceased, and J. E. Whitehead, and alleged that, on the 11th day of March, 1896, he loaned R. C. Wilks $200, due on or before —— day of ——, 189—, with interest at 10 per cent. per annum, and that defendant, W.

Gollaher, signed said note as surety; that said R. C. Wilks and his wife, Sarah C. Wilks, on said date executed and delivered to W. Gollaher their deed of mortgage on certain lands, describing them, to secure the payment of said note. Said mortgage was in usual form, and provided that, if note was not paid, then that Gollaher or his assignee could sell, etc. That after maturity of said note plaintiff sought collection of same, and that W. Gollaher represented to plaintiff falsely and fraudulently that his mother, E. J. Gollaher, had money which would be paid within sixty days, and that he did not desire to foreclose said mortgage, and offered to execute to plaintiff a new note for the amount due on the note of R. C. Wilks; and that on the 1st day of April, 1897, W. Gollaher, E. J. Gollaher and V. A. Gray executed to plaintiff their note for $220, the amount due on Wilks' note at that date, which said $220 note was accepted by plaintiff, and in consideration of receiving said note, signed by said parties, he on said date, by his written indorsement, transferred said note executed by R. C. Wilks to W. Gollaher; that, prior to the expiration of sixty days, the defendants, W. Gollaher and E. J. Gollaher, left the state, not leaving enough property to satisfy their creditors' claims. Alleges that V. A. Gray is insolvent. That in a few days after the execution of said $220 note there appeared on the margin of the record of said Wilks' mortgage the following indorsement: "For value received I hereby transfer this mortgage and the note given to A. G. Henderson for $200, signed by R. C. Wilks and W. Gollaher to J. E. Whitehead for value received. Attest: H. L. Crouch, clerk. [Signed] Wesley Gollaher." That neither the $200 or $220 note have been paid to plaintiff. That the transfer of the mortgage and note by the said Gollaher to Whitehead was without consideration and void, and done with fraudulent intent to collect note from Wilks without paying same to plaintiff. That Whitehead had properly advertised for sale under said mortgage. Prayed that Whitehead be enjoined from selling lands under said mortgage, that the transfer of note and mortgage to. Whitehead be canceled, that plaintiff be subrogated to rights of Gollaher for judgment for amount of his debt and foreclosure of mortgage.

A temporary restraining order was issued. On the 3d day of August, 1897, J. E. Whitehead filed his separate answer to the complaint, and stated, in substance, that it was true that Wilks and Gollaher had executed to plaintiff their note as alleged, and that Wilks and wife executed the mortgage. Denies any knowledge or information as to the representations or statements made by Gollaher to plaintiff. Alleges that, at the time W. Gollaher, E. J. Gollaher and V. A. Gray executed their note to plaintiff, E. J. Gollaher had money loaned out, and at said time she was solvent, and had property subject to execution sufficient to satisfy plaintiff's claim, and after the execution of said note, E. J. Gollaher collected in large amounts of money. That he had no knowledge or information that W. Gollaher or E. J. Gollaher expected to leave the state. Denies that the transfer of the note and mortgage by W. Gollaher to him was without consideration and void. Denies that it was done with fraudulent intent to collect the note from Wilks without paying same to plaintiff; and denies that plaintiff was the owner of the note at said time. Alleges that plaintiff, by his written indorsement, had transferred said note to W. Gollaher without recourse, and that defendant purchased said note and mortgage from W. Gollaher, and paid full consideration for the same by deeding a certain house and lot in the city of Fayetteville, and he made said note a part of his answer.

On motion of defendant, T. H. Humphreys was appointed as special administrator of W. Gollaher, and the cause as to W. Gollaher revived in name of such administrator. None of the other defendants filed answer.

The decree of the court was as follows: "This cause is submitted upon the complaint, answer and depositions heretofore filed, and the court, after hearing the evidence and being advised, doth find: that the plaintiff, A. G. Henderson, on the 11th day of March, 1896, loaned R. C. Wilks, now deceased, and Sarah C. Wilks, his wife, the sum of $200, due twelve months after date, at the rate of ten per cent. per annum; that said defendant, W. Gollaher, signed said note as security; that at said time the said R. C. Wilks, now deceased, and said defendant, Sarah C. Wilks, executed a mortgage to Wesley Gol-

laher upon the following real estate" (here follows a description of the property); "that said mortgage was executed to said W. Gollaher to indemnify him as surety on said note to plaintiff, A. G. Henderson, and with power of sale therein; that after maturity of said note the defendants, W. Gollaher, E. J. Gollaher, and V. A. Gray, well knowing that each of them expected to leave the state, with the fraudulent intent to cheat, hinder and delay their creditors, did execute to this plaintiff a promissory note for $220, the amount due on said original note with the interest thereon; that said note was dated April 1st, 1897, due sixty days after date, signed by W. Gollaher, E. J. Gollaher and V. A. Gray; that plaintiff accepted such note upon the false and fraudulent representation of W. Gollaher, and transferred said original note of $200 to the said W. Gollaher; that, prior to the expiration of the said sixty days, said W. Gollaher, E. J. Gollaher and V. A. Gray left this state, without leaving enough property therein to satisfy this plaintiff's claims and claims of this defendant's creditors; that, at the time of the execution of the said $220 note, the defendants, W. Gollaher, E. J. Gollaher and V. A. Gray, were making preparations to leave the state, not leaving enough property therein to satisfy these creditors; that the said defendants are insolvent; that, soon after the transfer of the original $200 note, the said defendant, W. Gollaher, transferred said note and mortgage on the record [naming book and page] of Washington county, Arkansas, to the defendant, J. E. Whitehead; that, at the time of the transfer of the said defendant, W. Gollaher, to the defendant, J. E. Whitehead, said note was past due; that the same, nor any part thereof, has ever been paid by any of the said defendants; that neither the original $200 note, nor the $220 note has been paid. The court finds that on the 6th day of October, 1897, the plaintiff filed his complaint at law against E. J. Gollaher, Wesley Gollaher and V. A. Gray in the Washington circuit court on the $220 note, and that said suit was pending in said court till the final decree in this court, and was then dismissed. That said transfer of the mortgage and note by the said Wesley Gollaher to the said J. E. Whitehead was fraudulent and void, and done

with the fraudulent intent to collect said note from R. C. Wilks, without paying the same to this plaintiff; that the said J. E. Whitehead had knowledge of the fraudulent intent of the said W. Gollaher, and participated in the fraud. And the court further finds that the conditions of said mortgage have been broken, and that the said defendant, Wesley Gollaher, had the right, under the power of sale in said mortgage contained, to sell the property so mortgaged to the satisfying of the debt of the said plaintiff. It is therefore considered, adjudged and decreed that the said transfer from the said W. Gollaher to the said J. E. Whitehead be, and the same is hereby, canceled, set aside and held for naught; and the defendant, J. E. Whitehead, be, and he is hereby, perpetually restrained from selling said lands under said mortgage; that the plaintiff, A. G. Henderson, be, and he is hereby, subrogated to all the rights and privileges of the said W. Gollaher; that said plaintiff recover of and from the said defendant, J. E. Whitehead, and estate of W. Gollaher all his costs," etc.

*J. E. Whitehead* and *L. W. Gregg*, for appellant.

The evidence as to conversations or transactions with the deceased defendants was inadmissible. Const. Ark., schedule, § 2; Sand. & H. Dig., § 2914; 48 Ark. 133; 51 Ark. 550; 54 Ark. 186. Mere financial embarrassment of a vendor does not render his sale void. 9 Ark. 482, Fraud is never presumed. 9 Ark. 482; 11 Ark. 378; 17 Ark. 146; 38 Ark. 419. If the means of information as to the facts of a transaction are alike accessible to both parties, they must be deemed to have relied upon their own knowledge. 31 Ark. 170. In such a case, if either party is deceived, he must suffer the result of his want of care. 27 Ark. 244; 11 Ark. 58; 7 Port. (Ind.) 537; 22 Ark. 435; Adams' Equity, 179, 187.

*W. L. Stuckey* and *Nathan B. Williams*, for appellee.

The decree is sustained by sufficient competent evidence, and will not be reversed on the facts. 43 Ark. 307. The creditor is entitled to the benefit of whatever securities the surety may hold from the debtor. 1 Story, Eq. § 502. A surety has no right to have the original debt assigned to

him after paying it. *Ib.* §§ 499, 502. The mortgage or bond can only be held for the purpose given. Brandt, Sur. & Guar. § 191.

WOOD, J., (after stating the facts). We will not uselessly encumber the record by discussing mere matters of fact. After carefully considering the evidence, we are unwilling to disturb the findings of fact by the learned chancellor, not being convinced that such findings are clearly against the weight of such of the evidence as was competent and proper for him to consider. On the question of fraud, and the appellee's participation therein, we have experienced some difficulty in determining on which side the balance leaned, and therefore we deem it a good case in which to let the chancellor's finding prevail. We find no error of law. The principles of law applicable to the facts, as found by the court, are elementary. We need only to mention one which perhaps has not before been passed upon by this court. "The general doctrine," says the Supreme Court of the United States, "that a creditor has a right to claim the benefit of a security given by his debtor to a surety for the latter's indemnity, and which may be used if necessary for the payment of the debt, is not questioned. The security in such case is in the nature of trust property, and the right of the creditor arises from the natural justice of allowing him to have applied to the discharge of his demand the property deposited with the surety for that purpose, if required by the default of the principal." *Chamberlain* v. *St. Paul, &c., R. Co.* 92 U. S. 299, 306; 1 Story, Eq. Jur. § 502, and authorities there cited.

Affirm the judgment.

BATTLE, J., absent.