HINKLE *v.* BROADWATER.

Opinion delivered January 7, 1905.

1. CHANCELLOR'S FINDING—CONCLUSIVENESS.—A chancellor's finding will be sustained on appeal unless clearly against the preponderance of the evidence. (Page 491.)

2. FRAUDULENT CONVEYANCE—HOMESTEAD.—As a debtor's homestead cannot be reached by execution, no conveyance of it by him can be attacked as fraudulent. (Page 491.)

Appeal from Independence Circuit Court in Chancery.

FREDERICK D. FULKERSON, Judge.

Affirmed.

### STATEMENT BY THE COURT.

Under the act of April 19, 1895, John A. Hinkle, as administrator of Thomas J. Broadwater, deceased, filed a bill in the Independence Chancery Court against John T. Broadwater, asking the court to set aside a certain conveyance made by defendant's father, Thomas J. Broadwater, to defendant on the 6th day of October, 1882. The plaintiff alleges that Thomas J. Broadwater, father of the defendant, being embarrassed by a certain debt owing to one Dr. John Estes amounting to $118, conveyed the lands in controversy, consisting of 160 acres, which plaintiff admits was the homestead of said Thomas J. Broadwater at the time of said conveyance.

The defendant filed his answer, denying specifically each and every allegation of fraud in the said complaint, and said that said conveyance is for a good and valuable consideration, as follows:

"That he, the defendant, was being urged by an aunt then living in Texas to go to that State, promising him that she would give him 160 acres of land, but his father desired him to remain with him; that he was the only son and eldest child of his father, and that his father expressed his willingness and intention to give the farm comprising the land in controversy, together with forty

acres additional, to the defendant in whole, and thus preserve the place intact, as he, the said Thomas J. Broadwater, had in like manner received the land from his father many years before, he being the eldest son of his father and receiving the same after the manner of primogeniture. He denied expressly any knowledge on his or his father's part of any scheme in said conveyance to defeat Dr. Estes or any creditor of any claim whatever, but he said that his father consented that judgment might be rendered against him in the sum of $109 in favor of Dr. Estes, and that he paid same without any process ever issuing on said judgment.

The cause was submitted upon the pleadings and depositions, and the court found that the transfer was not fraudulent.

*Butler & Butler* and *Neill & Neill,* for appellant.

A party claiming under a deed which is attacked as fraudulent cannot support it by showing a different consideration from that expressed in its face. 44 Ark. 180; Kerr, Fr. & Mist. 191; Bump, Fr. Con. 598; 30 Ark. 417. The transfer was fraudulent. Bump, Fr. Conv. 270, 274. Limitation is not merely defensive, but confers affirmative title. Under the act of April, 1895, recovery by the heirs of homestead, fraudulently conveyed, should be permitted. As to state of the law before act of 1895; see: 65 Ark. 378; 66 Ark. 382; 64 Ark. 654; 33 Ark. 762; 19 Ark. 650; 8 Am. & Eng. Enc. Law, 774. As to the proper construction of the statute, see: 5 Ark. 536; 1 Bl. Comm. 87; 23 Am. & Eng. Enc. Law, 414, 416; 9 Ga. 259. A deed void for fraud as to part of the land conveyed is void as to all. 9 Ala. 311; 14 Johns. 464; 20 *Ib.* 442; 5 Cow. 547. Where the grantor in a conveyance which would have been fraudulent as to creditors except for the fact that it was a homestead, dies leaving no widow or minor children to succeed to her homestead, the creditors should be entitled to proceed against the fraudulent grantee. *Cf.* Thomps. Home. & Ex. 418; 54 N. H. 486; 21 Ia. 92; 65 Ala. 343; 8 Bush, 28; Bump, Fr. Con. 621.

*Coleman & Coleman, Lyman F. Reeder* and *Yancey & Casey,* for appellee.

The act of 1895 (p. 20) confers no right to set aside the fraudulent conveyance of a decedent, unless there is a creditor, at the time the suit is begun, who will be benefited by the suit. There can be no fraudulent conveyance as to exempt property. 43 Ark. 434. The real consideration of the deed may be shown. 65 Ark. 373. *Cf.* 44 Ark. 180; 30 Ark. 417. The statute of limitations was not sufficiently pleaded by appellants, and cannot be now relied upon. 51 Ark. 351; 62 Ark. 78; 19 Ark. 20. As to presumptions of correctness, on the evidence, which are indulged in favor of decrees, see: 68 Ark. 134; *Ib.* 314; 44 Ark. 216; 67 Ark. 287.

Wood, J., (after stating the facts.) It could serve no useful purpose to go into a discussion of the facts. The question as to whether or not the deed was fraudulent is a question of fact. We have carefully considered the record on this point, and we conclude that the finding of the chancellor is correct. At least, we are convinced that it is not clearly against the preponderance of evidence. *Gaty* v. *Holcomb,* 44 Ark. 216; *Brown.* v. *Wyandotte & S. E. Ry. Co.,* 68 Ark. 134; *Mooney* v. *Tyler,* 68 Ark. 314.

The land conveyed was the homestead. It could not have been reached by creditors, had there been no conveyance of it by the debtor, and he had the right to dispose of it as he pleased. *Stanley* v. *Snyder,* 43 Ark. 434; *Blythe* v. *Jett,* 52 Ark. 549. As to such property, there are no creditors. Then why should an intent to defraud them be predicated upon such an act? We cannot see.

We need not discuss questions of law so ably presented in appellant's brief. We agree with the chancellor on the facts.

Affirm.