NORMAN *v*. PUGH.

Opinion delivered April 8, 1905.

1. APPEAL—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A finding of facts by the chancellor which is not against the preponderance of the testimony will be sustained on appeal. (Page 54.)

2. EQUITY—JURISDICTION TO GRANT COMPLETE RELIEF.—Where equity has rightfully assumed jurisdiction of the subject-matter and of the parties for certain purposes, it will grant complete relief incidentally, without remitting the parties to an action at law for further relief. (Page 54.)

3. SAME—WHEN COMPLETE RELIEF GRANTED.—Where plaintiff, in possession of land as heir, sued to enjoin the administrator from selling it to pay

a claim alleged to be fraudulent, and defendants were permitted to defend on the ground of owning the alleged fraudulent claim, and as an additional cross-complaint to allege that plaintiff was not owner of the property, but that they were equitable owners of the same, holding under bond for title from the owner of the legal title, equity, having rightfully acquired jurisdiction, will grant complete relief without remitting the parties to an action at law, on plaintiffs' establishing their claim, and will award them possession of the land and a decree for rents. (Page 54.)

4. BOND FOR TITLE—EFFECT.—One who holds a bond for title from the holder of legal title to land is the equitable owner thereof. (Page 55.)

Appeal from Ashley Chancery Court.

MARCUS L. HAWKINS, Chancellor.

Affirmed.

Suit by Fannie R. Norman against one Easter, administrator of T. O. Rodgers, deceased, and G. B. Pugh and another. From the decree rendered plaintiff appeals. Affirmed.

STATEMENT BY THE COURT.

One T. O. Rodgers died in Ashley County, seized and possessed of a house and lot in the town of Hamburg, and Dr. Easter, who claimed to be a creditor of the estate, was appointed administrator, and probated his claim. The probate court, upon the petition of the administrator, made an order for the sale of the real estate to pay this claim, there being no personal property of the estate available, and appellant, Fannie R. Norman, commenced this suit in chancery to enjoin the sale under the order of the probate court. She alleges that she is the owner of the lot by a conveyance executed to her on November 23, 1900, by one Russell Rodgers, the son and sole heir at law of said T. O. Rodgers, and that the claim asserted against the estate by Easter is fictitious and unjust, and that the allowance thereof by the probate court was fraudulently procured by said Easter. Appellees, Pugh and Butler, appeared, and were made parties to the suit, and were allowed to file an answer and cross-complaint, in which they alleged that they were then the owners of

the said claim against the Rodgers estate by assignment from Easter; that the plaintiff had no interest in the lot in controversy because of the fact that said Russell Rodgers had on November 14, 1900, by his deed, duly executed, acknowledged, and recorded, conveyed said lot to one Henry Crook, and that Crook had executed to them a title bond or contract to convey the same to them. It is alleged in the complaint and shown by the proof that the plaintiff was in possession of the property at the commencement of the suit, and remained in possession thereof during the litigation. The court rendered a decree in accordance with the prayer of the cross-complaint, dismissing the complaint for want of equity, cancelling the said deed from Russell Rodgers to plaintiff, and quieting the title in the cross-complainants; and also rendered a decree against plaintiff for the sum of $121, amount of rents collected, and awarded possession of the premises to cross-complainants.

*George W. Norman,* for appellant.

*Robert E. Wiley,* for appellees.

McCulloch, J., (after stating the facts.) This appeal presents a question of fact as to whether the deed purporting to have been executed by Russell Rodgers to appellees' grantor, Henry Crook, on November 14, 1900, was genuine or was a forgery. Appellant claims the land under a deed executed to her by Rodgers on November 23, 1900. The chancellor found that the deed was genuine, and a majority of the court are of the opinion that the finding of the chancellor is not against the preponderance of the testimony. Counsel for appellant contends that the court erred in granting the relief prayed for in appellee's cross-complaint. In support of this contention he says that appellant was in possession of the property, and that appellees' remedy was complete at law; and, further, that appellees had no title to the property, having only a title bond, and therefore could not maintain a suit for the relief sought in the cross-complaint. We do not think that either point is well taken. The primary purpose of the suit brought by appellant was to prevent the sale of the property by Easter, as adminis-

trator, to pay a claim against the estate, alleged to be fraudulent and fictitious; and appellant set forth her title to the property as an evidence of her right to maintain the suit. Appellees were let in to defend the suit on the ground, primarily, that they had become the owners of Easter's claim in dispute, and as an additional defense they alleged that appellant was not the owner of the property, nor had any interest therein, and they set forth their title in order to show that appellant had no title. It is true that the legal title was, according to the contention of appellees, in Henry Crook, from whom they held a title bond. This gave them an equitable title. The court, having rightfully assumed jurisdiction of the subject-matter and the parties for certain purposes, will grant complete relief incidentally, without remitting the parties to an action at law for further relief. As said by this court in *Cribbs* v. *Walker,* 74 Ark. 104; "But where primarily the relief sought is such as is peculiarly within the established powers of courts of equity to grant, * * * then the jurisdiction will be assumed and exercised, even though further relief of a purely legal nature is asked as an incident." We think the rule there announced is applicable here, and sustains the decree giving the full measure of relief prayed for.

Affirmed.

HILL, C. J., not participating.