*David L. Ford* and *David S. Ford,* for appellant.

*H. C. Rains,* for appellee.

MEHAFFY, J.   On October 19, 1937, the appellees, John E. Short and Mrs. Marie Short, entered into a contract with C. O. Farnsworth and Grace Farnsworth to purchase 40 acres of land in Sebastian county, Arkansas, for the sum of $500 and paid $75 in cash and executed their promissory note on the same date to C. O. Farnsworth and Grace Farnsworth in the sum of $425 and

agreed to pay $25 on or before the 20th of November, 1937, and the balance of $400 was to be paid in monthly installments of $10 each on the 20th of each and every month thereafter until the note was paid, with interest at the rate of 6 per cent. per annum from then until paid. This note was delivered to C. O. Farnsworth and Grace Farnsworth at the same time it was executed. The parties entered into a written contract for the sale of the land and C. O. Farnsworth and Grace Farnsworth executed a warranty deed to John E. Short and Marie Short, attached said deed to the contract of sale, and said deed was to be delivered to Short upon the payment of the note given for the purchase price. C. O. Farnsworth hypothecated this note to the Bank of Waldron and left with the bank the written contract of sale and the warranty deed.

On October 30, 1937, the appellant, I. J. Friedman, bought the note. Payments were made on said note for about a year, at which time appellees, the Farnsworths, defaulted in the payments and appellant brought suit in the Sebastian circuit court on said note, which at that time amounted to $356 and interest.

Answer and cross-complaint were filed by J. E. Short and Marie Short in which it was alleged that they did not owe anything on the note and that they had paid Friedman, the appellant, $100.50 and that Farnsworth did not have any title to the 40-acre tract of land, and asked judgment against appellant in the sum of $100.50.

A jury was waived and the cause was tried before the court sitting as a jury. After hearing the evidence, the court dismissed appellant's complaint and rendered judgment against appellant for $100.50.

The evidence conclusively shows that the appellees, Farnsworth, did not have any title to the land or any claim whatever to said land.

The following note was attached to the complaint:

"Fort Smith, Arkansas,
"October 19, 1937.

"For value received, we promise to pay to C. O. Farnsworth and Grace Farnsworth, or order, the sum of four hundred twenty-five ($425.00) dollars as follows:

"Twenty-five ($25.00) dollars on or before the 20th day of November, 1937, and the balance of four hundred ($400.00) dollars at the rate of ten ($10.00) dollars per month payable on or before the 20th day of each month thereafter until the full balance has been paid with interest from date at the rate of six (6%) per cent. per annum, interest payable semi-annually.

"John E. Short
"Marie Short.

"Reverse side:

"C. O. Farnsworth

"Grace Farnsworth."

Appellant filed a demurrer to the answer and cross-complaint of appellees, Short, which demurrer was by the court overruled and exceptions saved. Appellees thereupon filed a motion to dismiss.

Appellant filed a reply to appellees' answer and cross-complaint denying each and every material allegation in the complaint.

The appellant testified that at the time he bought the note he did not know there was any defense to it; that he sent the Bank of Waldron a check for $100 before he got the note; that the bank held the note as collateral; the note was in the Bank of Waldron when the trade was made; the bank sent the note and Farnsworth brought appellant the contract and deed; he did not read the contract; did not read anything; the Bank of Waldron had taken the note and he figured that if it was good enough for the bank it was good enough for him; he has the contract; the Bank of Waldron had the abstract and deed at the time appellant wrote a letter to Short. Appellant here introduced the deed in evidence. He testified that at the time he did not know Farnsworth did not have title to the property; had not the least idea where the property was, or whether there was any title or not. When Short defaulted in payment, appellant asked him why he quit paying and Short said Farnsworth deeded another 40 acres to him in Madison county. Appellant wrote and received information that there was a deed from Farnsworth to Short for 40 acres in Madison

county. Copy of a letter appellant received from Short was here introduced, and reads as follows:

"Fort Smith, Arkansas,
"October 6, 1938.

"Mr. Friedman
"Dear Sir:

"I wrote you yesterday but misplaced the letter, was up to your office Monday, but it was too late and no one was there.

"I am fixing up the house on the farm this week and have it rented, will turn over the rent to you Monday or Tuesday of next week, and then will be able to pick up that check next Friday besides. I had it this week but had to put it out on vaccination of my stock for sleeping sickness.

"You may look for me sure the 11th Oct.

"I remain

"Yours respt.,

"John E. Short
"R. F. D. No. 2
"Mulberry, Arkansas."

The undisputed evidence shows that the Farnsworths had no title to the property; that the appellant knew about the deed and contract, and by the slightest investigation could have ascertained the facts. A Mr. Ashley, in Oklahoma City, owned the land, and the appellee, Short, testified that the land in Madison county was worth about $50, and that Farnsworth had no right to sell the land in Sebastian county.

The appellant testified that at the time he purchased the note it was for the purchase price of property in Sebastian county, and a deed was to be delivered to Short; knew there was a note and deed in escrow, and knew that Farnsworth had executed a deed for the property and that the Bank of Waldron was holding it; he paid $200 for the $425 note and he said that the balance was to apply to repay money that he had sent to the bank and some past due notes that Farnsworth owed to apply as a credit.

J. E. Ashley, the owner of the land, testified that he contracted to sell the land to Marie Kensloe and gave a contract for a deed to her and that she forfeited the contract. Marie Kensloe was Farnsworth's secretary.

. There was considerable other testimony all tending to show that the Farnsworths never had any title to the property; that Friedman knew about the contract and deed and that he purchased the note for less than half of its face value.

Section 10213 of Pope's Digest reads as follows: "The title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as to amount to fraud."

Section 10214 reads as follows: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

However, § 10216 provides that in the hands of any holder, other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter.

Whether the appellant was a holder in due course was a question for the lower court.

In the case of *Cunningham* v. *Toye*, 97 Ark. 537, 134 S. W. 962, this court said: "The only question necessary to decide is whether or not appellant was an innocent purchaser for value. Appellant testified that he purchased the notes in the ordinary course of business, giving in payment therefor an automobile worth five or six hundred dollars, that at the date of the purchase

he knew nothing about Dunn's outstanding notes for the purchase of the lot from Ratterree. He further testified that Dunn offered to sell him the lot before he sold same to Mrs. Toye, but that he wanted something on which he could realize immediately. He considered the automobile as good as the lot. Dunn, on the other hand, testified that he told appellant at the time the notes were assigned to him that he still owed his notes on the purchase price. He further testified that the automobile that he received in payment for the notes was worth from $125 to $200; that he could not sell it for $200. It was merely a question of fact as to whether appellant purchased the notes from Dunn without notice of the equities between Dunn and appellee." See, also, 4 Amer. and Eng. Encyc. of Law, 304, 306; *Bank of Commerce of Summerville* v. *Knowles,* 32 Ga. App. 800, 124 S. E. 910.

One is not regarded as an innocent purchaser if the circumstances are sufficient to suggest inquiry which would lead to a knowledge of the fact that the note or obligation was defective. This knowledge may arise from any irregularity in the paper or in its chain of title, or from the fact that the maker only has put the note in circulation and for his benefit. *Simmons Nat. Bank* v. *Dilley Foundry Co.,* 95 Ark. 368, 130 S. W. 162.

In this case it was simply a question of fact whether the appellant was an innocent purchaser. The court had the witnesses before him, had an opportunity to observe their demeanor on the stand and their manner of testifying, and the trial court's finding under such circumstances is as conclusive as the verdict of a jury. There seems to be substantial evidence to support the finding that the appellant was not an innocent purchaser. The purchase of the note was made 11 days after it was executed. It was alleged to be for the purchase price of land in Sebastian county. Appellant knew there was a deed and contract and he also knew that he was getting the note at about half its face value. While the purchase of a note for less than its face value would not show conclusively that there was some defect in the note or contract, yet it is a circumstance to be considered with

all the evidence in determining whether the purchaser of the note is an innocent purchaser.

After a careful examination of the entire record, we are of opinion that there was substantial evidence to support the finding of the lower court.

The judgment is affirmed.

Opinion delivered January 20, 1941.