ENGLAND v. SCOTT.

4-6918                                    166 S. W. 2d 1014

Opinion delivered December 21, 1942.

48

*J. H. Carmichael,* for appellant.

*House, Moses & Holmes,* for appellee.

HOLT, J.  On this appeal appellant says: "The only issue in this case is whether the appellant or the appellee owns and is entitled to possession of that part of the NE¼ of section 7, township 6 north, range 18 west, Pope county, Arkansas, lying west of the slough."

The common source of title of the parties here was Col. Ben T. Embry, who was the grandfather of appellant, Lenora Scott England, and Dr. Homer Scott, deceased.  Dr. Homer Scott was the father of appellee, Gertrude Duvall Scott, and appellee, Embry Scott Shoemaker, was his granddaughter.  Dr. Homer Scott and appellant, Lenora Scott England, were the only surviving children of Dr. A. H. Scott (deceased) and his widow, referred to as Mrs. R. K. Scott.

In 1854, the United States issued a patent to John Williams (not recorded) to the above land, describing it as "NE¼ section 7, township 6 north, range 18 west, containing 94.37 acres, south and east of lake." December 29, 1870, the land here involved, together with other land, was conveyed by deed from B. T. Embry to his son, Aylett T. Embry, under the following description: "SW¼ of section 8, W½ NW¼ of section 8. All that portion of the SE¼ of section 7 east of large bayou running through same.also NE Frl. ¼ of section 7, about 450 acres, and in township 6 north, range 18 west, all in Pope county, Arkansas."  February 21, 1882, Ben T. Embry conveyed to his daughter, Mrs. R. K. Scott, by deed, land described in part as follows: "Southwest fractional quarter and that portion of the southeast quarter lying west of a large bayou running between A. T. Embry's lands and the lands herein named, which bayou I made a line between A. T. Embry and R. K. Scott; the E½ of the NW frl. quarter of section 7, township 6 north, range 18 west," and other land in sections 11, 12 and 13.

Dr. Homer Scott died November, 1938.  Prior to the death of Dr. Homer Scott there was a partition decree

in the Pulaski chancery court, case No. 56948, *Homer Scott and Gertrude Duvall Scott* v. *Rebecca Katherine Scott and Lenora Scott England,* in which Dr. Homer Scott was awarded the following land: "Northeast fractional quarter (NE FRL. ¼) of section seven (7), township six (6) north, range eighteen (18) west; southeast fractional quarter (SE Frl. ¼) as is situated east of the lake and a made channel from the lake to the Arkansas river, which made channel was established as a dividing line between A. H. Scott and A. T. Embry by Ben T. Embry in a transfer of said section 7 to said A. H. Scott and A. T. Embry in section 7, township six (6) north, range eighteen (18) west," with other land.

The present suit was filed by appellant March 23, 1942, to establish alleged ownership and right to possession of the land in question. At the trial below many witnesses were offered by both sides of this controversy. It was the contention of appellant in the trial below, and she contends here, that the testimony presents the following questions, all of which should be answered in the affirmative: "1. Are statements of the owner in reference to the boundary lines of his land admissible and binding on such land owner and his heirs, successors and assigns? 2. Do not the descriptions, followed through, fix all the land of appellees on the east side of the slough? 3. If the descriptions in the deeds and in the partition decree are complicated and ambiguous, are not the statements as to boundaries by the owners conclusive? 4. Does not the proof show, if adverse possession is necessary to settle the dispute, that it is in favor of appellant and not of appellee?"

The trial court found the issues in favor of appellees, dismissed appellant's complaint and amendment thereto for want of equity and found (quoting from appellant's brief): "that appellees are the lawful owners of said northeast quarter of section 7, township six (6) north, range eighteen (18) west; that the partition decree of the Pulaski Chancery Court entered June 14, 1938, is in all things true and correct and that the description therein contained correctly described the

property intended by the partition decree to be conveyed to Dr. Homer Scott; that the appellant acquired no interest in the northeast quarter of section 7 under the terms of the residuary clause of the will of her mother because her mother had no interest in said lands; that appellees, Gertrude Duvall Scott and Embry Scott Shoemaker, have acquired title to all that part of the northeast quarter of section 7, township 6 north, range 18 west, both as to the land which they have cultivated and as to the land in the bed of Galla Lake, title to which land in said Galla Lake appellees have acquired by adverse possession for the reason said land was purchased as swamp land from the State of Arkansas in the year 1890 by George H. Van Etton who never assumed possession thereof nor recorded his deed thereto, whereas appellees or their predecessors in title have been constantly in possession thereof for a period of more than seven years; that appellees are also entitled to possession of all of the west half of the northwest quarter of said section 7'' and entered a decree accordingly.

We first consider appellant's second contention, above, that the descriptions, when followed through, fix all the land belonging to appellees on the east side of the slough, or what is called Galla Lake. We are of the opinion, however, that the effect of these descriptions is to establish the record title, to the land in dispute, in appellees, the heirs of Dr. Homer Scott, as declared by the court below.

It will be noted that Col. Ben T. Embry, in 1871, conveyed to his son, Aylett T. Embry, "the northeast fractional quarter of section 7, township 16 north, range 18 west." This quarter was fractional for the reason that it was partly covered by a lake. This lake was at that time the property of the state of Arkansas. However, we think under this deed, the son, Aylett Embry, received all of the land lying in the northeast quarter of section 7, both east and west of the lake or slough. A plat of a Government survey in evidence discloses that within the NE¼ of section 7 between the west shore line of the lake or slough and the line dividing the northeast

quarter from the northwest quarter of section 7 is a narrow strip of 3.62 acres, along this entire dividing line.

We find nothing running through the record descriptions, *supra,* conveying any interest in the northeast quarter of section 7 to appellant; nor can we agree with appellant's argument that the deed of February 21, 1882, from Ben T. Embry to his daughter, Rebecca Katherine Scott, conveyed any interest in the northeast quarter of section 7, upon which appellant as residuary legatee of Rebecca Katherine Scott might base any claim.

Prior to the conveyance on January 23, 1894, from A. T. Embry to Dr. A. H. Scott, Dr. Scott had married Rebecca Katherine Embry, the only daughter of Col. B. T. Embry, and after the possession of her brother's (A. T. Embry's) property came into Dr. Scott's possession the two farms in section 7 were operated together, according to the record, with the same tenants for both properties. After Dr. A. H. Scott died in 1909 the operation of the property was continued as one unit, until the partition suit of 1938 whereby the farm was divided between the remaining heirs of Dr. A. H. Scott and Rebecca Katherine Scott. As has been noted, those heirs were Dr. Homer Scott and Mrs. Lenora Scott England, and under the partition decree Dr. Homer Scott was given the northeast fractional quarter of section 7, as described, *supra.*

Appellant contends, however, under one, three and four, *supra* (which we considered together) that she is entitled to the land in dispute by adverse possession, and that the owners of this land made statements against their interests as to the boundary line of appellee's property in question here, the effect of which was to declare ownership of all the land east of the slough or lake to be in appellees, and that west to be in appellant.

We agree with appellant's contention that any statements of the owner against his interest, made in reference to the boundary lines of his land, are admissible in evidence and would be binding on such owner, his heirs and assigns. See *Norden* v. *Martin,* 202 Ark. 180, 149 S. W. 2d 550.

In the instant case, the evidence on this point is conflicting and we think it unnecessary to attempt to abstract it here, for to do so could serve no useful purpose and would unduly extend this opinion. It suffices to say that after a careful review of all the testimony, both on the question of adverse possession, and that of boundary, we have reached the conclusion that the finding of the chancellor is not against the preponderance of the testimony. In these circumstances, while it is the duty of this court to try chancery cases *de novo,* yet when it appears that the chancellor's finding is not against the preponderance of the testimony, it will not be disturbed here. In *Benton* v. *Southern Engine & Boiler Works,* 101 Ark. 493, 142 S. W. 1138, this court held, (quoting headnote 2): "It is the duty of the Supreme Court to try chancery cases *de novo,* and in doing so the court gives much weight to the finding of the chancellor upon conflicting evidence; and where the testimony is evenly poised or the chancellor's finding is not clearly against the preponderance of the testimony, such finding will not be disturbed," and in *Leonard* v. *Leonard,* 101 Ark. 522, 142 S. W. 1133, this court said: "The finding of the chancellor upon the conflicting evidence in this record is most persuasive with us. We are of the opinion that his finding of fact was not against the clear preponderance of the testimony, and it is a well-settled rule of this court not to reverse unless the finding of the chancery court is clearly against the weight of the evidence; *Hinkle* v. *Broadwater,* 73 Ark. 489, 84 S. W. 510; *Whitehead* v. *Henderson,* 67 Ark. 200, 58 S. W. 1065; *Norman* v. *Pugh,* 75 Ark. 52, 86 S. W. 833; *Cunningham* v. *Toye,* 97 Ark. 537, 134 S. W. 962; *Cotton* v. *Citizens Bank,* 97 Ark. 568, 135 S. W. 340.

Finding no error, the decree is affirmed.