LAWSON *v.* CHAMBLEE.

4-7448        183 S. W. 2d 290

Opinion delivered November 13, 1944.

*Harvey L. Joyce* and *Glen Wing,* for appellant.

*G. T. Sullins, Rex Perkins, C. D. Atkinson* and *Chas. W. Atkinson,* for appellee.

ROBINS, J. To be determined in this case is the location of the line dividing residential lots in the city of Fayetteville, Arkansas, owned respectively by appellant, Mrs. Beulah Lawson, and by appellees, W. G. Chamblee and his wife. The lower court sustained the contention of appellees and by its decree, which we are asked by appellant to reverse, enjoined the building and maintaining by appellant of a certain concrete wall or curb, which appellees asserted, and the lower court found, was constructed on land owned by appellees.

Appellant acquired the south half of lot 4 in block 2 (Van Hoose-Van Winkle Addition), except the east 50 feet thereof, on April 8, 1916, and she acquired on July 3, 1922, the north half of said lot 4, except the east 50 feet thereof. On March 21, 1942, appellees purchased and obtained deed for the east 50 feet of said lot 4. No dispute as to the dividing line between these two parcels of land had ever arisen between the respective owners thereof, until appellant began, on April 3, 1944, to build the concrete curb or wall complained of, at which time appellees demanded that the work be stopped, claiming that the curb or wall was located on appellees'.part of lot 4.

Although dwelling houses have been located for many years on the respective parts of lot 4 owned by appellant and appellees, their yards have not at any time been entirely separated by any wall, fence or other dividing structure. In the year 1923, appellant, after having the line surveyed, built a low rock wall about eighteen inches wide running south from appellant's northeast corner a distance of about nine feet along and immediately west of what was apparently conceived to be the line dividing the two yards. Some time later appellees' predecessor in title planted a box hedge running south from the south end of said wall for a short distance, the west line of the hedge corresponding with the east line of the rock wall built by appellant. From the south end of this box hedge to the south line of lot 4 there was, up until the building of the curb or wall complained of herein, nothing to mark the line between the premises of appellant and the premises of appellees. There is some testimony as to a rose trellis which formerly stood on or near the dividing line between the south portions of the properties, but the location of this rose trellis was not definitely proved nor was it shown by the evidence that the interested parties treated it as a monument marking the dividing line.

The curb complained of in this suit begins near the south line of the lot, at the southeast corner of appellant's parcel, and runs north for some distance, but does not extend to the south end of the hedge or the wall. Appellees built a concrete wall on what they thought was the

east line of their property, and a measurement of their lot disclosed that, assuming the nine-foot north and south rock wall to be on appellant's land, appellees' lot, when measured to the east line of the concrete wall built by appellees, was only about 48 feet and 9 inches in width.

When the dispute between appellees and appellant arose, appellees employed W. R. Spencer, a civil engineer and surveyor and professor in the University of Arkansas, to make a survey in order to determine the location of the line between the two properties. His survey disclosed that the rock wall was within the limits of appellant's property and that the shortage in width of the front of appellees' lot between the two walls grew out of the fact that appellees had built the wall on the east of their property about 15 to 17 inches west of their east line. Appellees were not satisfied with this survey. Mr. Doerres, the county surveyor, was asked to survey the property and his survey coincided with that made by Professor Spencer. Photographs made in connection with the county surveyor's work, showing him holding a pole at the disputed corners, were introduced in evidence, and, when taken in connection with his testimony and that of Professor Spencer, these photographs show beyond any doubt that the curb complained of is located not on the property that was conveyed to appellees, but that it is located on land for which appellant holds deed. A careful review of the record fails to disclose any testimony showing the establishment by acquiescence or agreement between the adjoining owners of a dividing line between their respective lots different from the true dividing line as fixed by the two surveyors. On the contrary, the rock wall built by appellant extending nine feet from her northeast corner, and the hedge running south from this wall planted by appellees' predecessor in title, bear mute witness to the fact that, as far as the front parts of these yards are concerned, the respective owners at the time had observed the true line between the properties in making these improvements; and an extension due south of the true line would pass along the east face of the new concrete wall or curb, construction of which brought on this suit.

Appellant offered to prove that Mrs. Cener Hight, appellees' predecessor in title, while she owned the east 50 feet of lot 4, made certain statements indicating a recognition of the dividing line as shown by the surveys and as claimed by appellant; but the lower court refused to admit this testimony. Such testimony, being as to statements against interest by the predecessor in title of the party against whom it was offered, was competent. In *England* v. *Scott*, 205 Ark. 47, 166 S. W. 2d 1014, we said: "Any statements of the owner against his interest, made in reference to the boundary lines of his land, are admissible in evidence and would be binding on such owner, his heirs and assigns." The same rule is enunciated in the case of *Norden* v. *Martin*, 202 Ark. 180, 149 S. W. 2d 550.

Appellee, Mrs. Chamblee, testified that on one occasion appellant told her that "she thought" the dividing line between the two properties was about 25 inches from the east end of appellant's garage. (The concrete curb or wall, which is the subject of this controversy, is in fact about 48 inches east of appellant's garage.) Appellant testified in regard to this: "That was just my idea. I had never measured it. I told her it was about that far." This conversation took place long after appellees purchased this property, and it is not shown that any such action was taken by appellees in reliance on this statement of appellant as would estop appellant from insisting upon the true line as the dividing line between these two properties. In disposing of a somewhat similar contention in the case of *Tebbs* v. *Wiseman*, 112 S. W. 196, 87 Ark. 641, Chief Justice HILL said: "Appellant complains of the refusal to give an instruction which sought to invoke the doctrine of estoppel against Wiseman, based upon an alleged conversation between Wiseman and Tebbs wherein Tebbs said that Wiseman, after he (Tebbs) had purchased lot 4, pointed out the line thereof different from what he now claims. But no action was taken on account of this conversation, which was had after Tebbs' purchase, and the doctrine of estoppel cannot be invoked."

Since it was shown by the undisputed testimony that the wall or curb complained of, according to surveys, made by disinterested and competent surveyors, of all the premises involved in the dispute, was located on the property of appellant, and there was no testimony to establish by adverse possession, agreement, acquiescence or estoppel the existence of a dividing line different from the line indicated by the surveys, it follows that the lower court erred in enjoining the construction and maintenance of this wall or curb. The decree of the lower court is accordingly reversed, and this cause is remanded with directions to the lower court to dismiss the complaint for want of equity.