SMITH v. POWELL.

5-909 289 S. W. 2d 689

Opinion delivered April 30, 1956

Mann & McCulloch, for appellant.

*Jack P. West* and *E. J. Butler,* for appellee.

LEE SEAMSTER, Chief Justice. The appellants, Mr. and Mrs. T. E. Smith, and the appellee, H. E. Powell, own adjoining farms in St. Francis county, Arkansas. On February 21, 1955, the appellee filed the instant suit alleging that appellants had constructed a fence between their properties, a portion of said fence extending a considerable distance into appellee's property. The appellee prayed for a mandatory injunction against the appellants, compelling them to remove said fence and fence posts from the appellee's property, and the restoration of his property to its former condition, with a fence placed on the old fence line between the properties. Upon trial of the issues, the trial court rendered a decree in favor of appellee, whereby, appellants were ordered to remove the new fence and restore the old fence line (true boundary line) to the same condition that it was prior to the relocation of the new fence. The trial court found that appellee was the owner, by adverse possession, of the property north of the old fence line. This appeal follows.

For reversal, the appellants contend: (1) That the new fence is the true boundary line; (2) no adverse possession was acquired by appellee; and (3) there was no binding agreement, between the parties, to move the new fence.

The appellants and their witnesses testified that the true boundary line is north of the new fence, based upon a survey made by H. L. Frank, an 82 year old engineer employed by appellants to make a survey. Mr. Frank had been employed for over 50 years as a surveyor for lumber companies in east Arkansas. He started his survey from the road at the southwest corner of appellants' property running north — then east and back south on the east line of appellants' property. According to one witness, Frank lacked 10 or 12 feet in getting back to appellants' fence at the southeast corner. The south line of appellants' property was the middle of the road south of his fence. The engineer then ran another survey starting 6 miles north of the line at a known corner and arrived at a point

within four feet of the line that he first established as the true boundary line. This line was 33 links north of the new fence line, on the west side, and either 31 or 51 links north of the new fence line on the east side. Frank testified that he had established the true boundary line between the properties.

Appellant, T. E. Smith, and his witnesses, testified to the following: That the old fence line was not straight; that the gaps in the old fence line had been changed several times within the last seven years; that the old fence had not been maintained continuously in one location.

The testimony of the appellee and his witnesses was to the effect that a fence, denoting the boundary line between the properties, had been maintained continuously at approximately the same location since 1906; that in 1927, a surveyor ran the line and found the true boundary line to be the old fence line.

A witness, George Southall, testified that he had been surveyor of St. Francis County for a period of 33 years; that he had previously surveyed this boundary in 1930 and found the true boundary line to be the location of the old fence line; that after appellants built the new fence and by agreement of the parties, he resurveyed the properties and found the true boundary line to be the same as the previous survey, the old fence line; that the new fence that had been erected by appellants was north of the true boundary line, by 6 inches on the west end graduating to 26 feet 5 inches north on the east end.

Southall further testified that the new fence runs in a northeasterly direction from west to east; starting on the west side it runs north 88 degrees and 43 minutes east, to the east side; that the true line is parallel with the south line of the southwest quarter and this line, according to the Government survey in the State Land Commissioner's office, runs from west to east on a variation of one degree — it is described as north 89 degrees east. Southall stated that after this survey was made, the appellants agreed to move the new fence to the previous location, but later refused to perform.

The evidence reveals that the land north of the old fence line had been enclosed as appellee's property, for more than 35 years. The appellee had rented the property from 1929 until 1941, at which time he purchased it and used it for farming and pasture during all of said time.

We have had many occasions in the past to pass upon boundary line disputes. It is principally a question of fact. While it is the duty of this court to try chancery cases *de novo,* the findings of the Chancellor will not be disturbed where they are not against the preponderance of the evidence. *England* v. *Scott,* 205 Ark. 47, 166 S. W. 2d 1014.

We find the evidence in this case preponderates in favor of the trial court's findings and decree, no error appearing, the decree is affirmed.