WAKEFIELD *v.* WHEELER.

5-1993                                                   332 S. W. 2d 245

Opinion delivered February 8, 1960.

[Rehearing denied March 7, 1960]

*Wiley A. Branton,* for appellant.

*David Solomon, Jr.,* for appellee.

JIM JOHNSON, Associate Justice. This is a case involving a boundary dispute. The appellant is the owner of 80 acres of land situated in the West half of the West half of Section 9, Township 2 South, Range 4 East, Phillips County, Arkansas. She acquired title to this property in 1932 from her former husband who had owned the property since 1917. Appellee, J. O. Wheeler, owns lands lying to the West in the Southeast Quarter of Section 8 which he acquired in 1951. Appellee, Wheatley Cooke, owns land immediately North of the Wheeler farm and West of the appellant's farm in the Southeast Quarter of the Northeast Quarter of Section 8, which he acquired in 1955.

A county road runs North and South between the appellant's land in Section 9 and appellees' land in Section 8. As the road runs South along the Section line it veers Westerly from the line and runs at an angle of approximately South, one degree West, thereby encroaching on Section 8 and the land claimed by appellees. The ownership of the strip of land lying between the Section line and the county road is in dispute and furnishes the basis for this suit.

Appellant brought suit alleging *inter alia* that she and her husband before her had always considered this county road to be their western boundary and had been in adverse possession of the land involved and cultivated it since 1917.

Appellees contend the section line and not the county road has been the recognized boundary line for many years, and deny that the appellant has cultivated or been in possession of any land lying West of the Section line and East of the county road, and further that the land involved has been wild unimproved land until cleared by appellee Wheeler in 1955.

The Chancellor decreed the East boundary of the appellees' lands to be the Section line common to Sec-

tions 8 and 9 and not the county road, and also enjoined the appellant from interfering with the possession of the appellees of the land lying West of the Section line.

The appellant introduced evidence that they had cultivated the strip in question for many years and exercised acts of ownership over it. On the other hand, the appellees introduced evidence that the strip in question was wild and unimproved with small trees growing on it until appellee Wheeler cleared it in 1955.

The evidence is conflicting but the finding of the Chancellor upon the conflicting evidence is most persuasive with us. We are of the opinion that his finding of fact was not against the clear preponderance of the testimony, and it is a well settled rule of this Court not to reverse unless the finding of the Chancery Court is clearly against the weight of the evidence. *Hinkle* v. *Broadwater,* 73 Ark. 489, 84 S. W. 510; *England* v. *Scott,* 205 Ark. 52, 166 S. W. 2d 1014.

The attorneys are to be commended for their excellent briefs and the parties for their efforts to resolve this dispute. Both parties expressed a willingness to move the road back to the Section line thereby giving the appellant access to the road and allowing appellees to cultivate up to the property line. This is a problem left to the parties themselves.

Finding no error, the decree is affirmed.

GEORGE ROSE SMITH, J., dissents.