MEMPHIS HOUSING AUTHORITY, Petitioner, v. MRS. PHILLIP (LOLA MAE) MAHONEY, a Resident of Shelby County, Tennessee; MYRTLE MILLER SMITH, Resident of Rosemark, Tenn., P. O. Box, Kerrville, Tenn.; MARY MILLER GILLESPIE, Resident of Rosemark, Tenn., P. O. Box, Kerrville, Tenn.; THE UNKNOWN HEIRS and/or DEVISEES of CAROLINE S. HENRY (CAROLINE MILLER), and THE UNKNOWN HEIRS and/or DEVISEES of PHILLIP MILLER, Defendants.—359 S. W. (2d) 851.

Western Section, Jackson. February 21, 1962.

Certiorari Denied by Supreme Court September 7, 1962.

George P. Douglass, Memphis, for appellant.

Arthur L. Cox, Memphis, for Myrtle Miller Smith, Mary Miller Gillespie, Zeta Elizabeth Morton Edwards, and James Claude Morton, Jr., appellees.

Owens & McLain and Don Owens, Memphis, for Ollie Josephine Haynes Mount, appellee.

Joe C. Meux, Memphis, guardian ad litem.

BEJACH, J. This cause originated as a condemnation suit filed May 9, 1960 in the Circuit Court of Shelby County, Tennessee, by the Memphis Housing Authority against the defendants named in the caption of this opinion. Mr. Joe C. Meux, an attorney at the Memphis Bar was appointed guardian ad litem for the unknown heirs, but neither he nor such unknown heirs are now involved.

The property sought to be condemned is known as 529 High Street, Memphis, Tennessee, and is more particularly described in the petition for condemnation. A jury of view was appointed, which appraised the value of the property condemned at $3,800. No exceptions were filed to the report of the jury of view, and it was approved by order of court. The title of all parties to the suit was divested out of them and vested in the Memphis Housing Authority. The sum of $3,800, fixed by the jury of view as the value of the property, was paid into court, and out of said sum the court ordered payment of $7.29, which cover-

ed the pro rata portion of 1960 taxes owed by defendants. The net balance of $3,792.71 was retained in court, pending decision of the question of who is entitled to receive same.

Mrs. Phillip William (Lola Mae) Mahoney, widow and devisee of Phillip William Mahoney, deceased, filed a petition in which she claims the entire fund in court, her claim being based on the contention that she and her deceased husband, Phillip William Mahoney, had by prescription obtained title to the property at 529 High Street, Memphis, Tennessee, to the exclusion of the other descendants and heirs of Caroline S. Henry Miller and Phillip Miller. The appellees, as such heirs, are claiming, and, by the lower court's judgment, have been awarded, an interest in said fund.

The title to the property at 529 High Street was conveyed by deed dated September 28, 1881 to Caroline S. Henry, who later married Phillip Miller. Subsequently, the property in question was sold for nonpayment of taxes, and a tax deed dated March 30, 1905 was executed to Phillip Miller, husband of Caroline Henry Miller. The property in question was occupied during their life times by Phillip Miller and his wife, Caroline Henry Miller. They left surviving them three children, namely, John Miller, Frank Miller, and Ida Miller. Petitioner, Mrs. Phillip William (Lola Mae) Mahoney, who is the appellant, is the widow and devisee of Phillip William Mahoney, who was the son of Ida Miller by her first marriage to William Mahoney. Ollie Josephine Haynes Mount, who became a party to this cause as a result of her petition to intervene, is the adopted daughter of Ida Miller and her second husband, John McAssey. Ida Miller also contract-

ed a third marriage with Bud Sauerman, now deceased, but no children, either natural or adopted, resulted from that union. A chart showing the descent of the parties to this cause from Caroline S. Henry and Phillip Miller and their relationship to each other was attached to and made part of the answer of the guardian ad litem, and is a part of the record before us. It is also copied into the brief of counsel for appellees. A copy of said chart is made an appendix to this opinion.

Appellant, as widow and devisee of Phillip William Mahoney, contends that after the death of Ida Miller Mahoney McAssey Sauerman, June 26, 1937, Phillip William Mahoney took possession of the property at 529 High Street, Memphis, Tenn., collected the rents from same, paid the taxes on same, and repairs thereon, and held same adversely to all other persons, including especially the other claimants in this cause, until his death on January 7, 1959, and that she has continued to hold same adversely since that time, thus creating in her as devisee of her said husband, title by prescription.

The cause was tried in the Circuit Court by Judge Friel Hastings on oral evidence which is made part of the record by bill of exceptions. On July 14, 1961, he entered an order or judgment denying the petition of appellant, and ordering the proceeds of the property involved to be distributed pursuant to the laws of descent and distribution of the State of Tennessee, to the heirs at law of Phillip Miller and Caroline S. Henry (Caroline Miller), and/or their devisees. To the action of the court in over-ruling her petition for the entire fund, Mrs. Phillip William (Lola Mae) Mahoney excepted and prayed an appeal to this court, which appeal she has perfected.

In this court she has filed three assignments of errors, which are as follows:

## "I.

"The Court erred in holding and adjudging that the Petition and claim of Defendant, Mrs. Phillip William (Lola Mae) Mahoney, (Appellant herein) that she is the true, sole and only owner of said property by virtue of adverse possession and the law of prescription is without foundation in law and fact, and in overruling same and in adjudging and decreeing that the proceeds resulting from the condemnation of said lot of real property should pass and be paid under the laws of descent and distribution of the State of Tennessee.

## "II.

"The Court erred in failing to hold and adjudge that Mrs. Phillip William (Lola Mae) Mahoney had established her right to the title and ownership of said lot of real property *by prescription* to the exclusion of any alleged rights of her Co-Defendants, Appellees herein.

## "III.

"The Court erred in failing to hold that the Co-Defendants of Appellant, Mrs. Phillip William (Lola Mae) Mahoney were barred by the Statute of Limitations (T. C. A. 28-202, -203, -210) from setting up and/or maintaining any right of action to said land or the proceeds thereof."

The determinative question in this cause is whether or not appellant and her deceased husband, who were

tenants in common with the appellees, ever ousted or evicted their fellow tenants in common so as to start the operation of adverse possession of the property which could ripen into prescription. Ida Miller, or Ida Sauerman as she was at the time of her death on June 26, 1937, resided in the property at 529 High Street, Memphis, Tennessee until a few days before her death. Frank Miller, her brother and a tenant in common, was also residing there at that time, and continued to reside there until his death on August 27, 1939. He lived in a garage apartment at the rear of the property. The proof is clear that no notice of adverse claim was given by Phillip William Mahoney to Frank Miller during his lifetime, and no effort was made to oust him from his occupancy of the premises. The proof is equally clear that no actual notice of adverse claim was ever given by either Phillip William Mahoney or Lola Mae Mahoney to any of the other tenants in common. Her claim of title by prescription is based entirely on the length of time,—more than twenty years,—during which she and her husband paid taxes on the property, kept up the repairs of same, and collected the rent therefrom, which rent they appropriated to themselves, exclusively. Counsel for appellant cites and relies on the cases of Cannon v. Phillips, 34 Tenn. 211, Ferrell v. Ferrell, 60 Tenn. 329; Marr's Heirs v. Gilliam, 41 Tenn. 488, 500; Drewery v. Nelms, 132 Tenn. 254, 262, 177, S. W. 946; and Eckhardt v. Eckhardt, 43 Tenn. App. 1, 305 S. W. (2d) 346.

Appellant relies principally on the opinion in the recent case of Eckhardt v. Eckhardt, decided in 1957; and it, on its facts, is more nearly like the case at bar than any cases cited by appellant's counsel. In that case, complainants, who were grandsons of Gus Eckhardt and nephews

of W. C. Eckhardt, the deceased husband of defendant, sought to establish an undivided one-half interest in lot 31 of McGavock's First Addition to Nashville. Gus Eckhardt, as tenant by the courtesy, had a life estate in both lots 30 and 31 of said McGavock's First Addition to Nashville. For many years, W. C. Eckhardt and his wife, Georgia Ruth Eckhardt, the defendant, lived on the premises with the life tenant and had leased a store building on lot 30. In 1926, W. C. Eckhardt purchased from all the remaindermen. including plaintiffs, who were his nephews, their interest in lot 30 subject to the life estate of Gus Eckhardt and obtained a deed from them for that purpose. There was evidence in the record tending to show that he thought that the deed conveyed their interest in lot 31, as well as in lot 30. In any event, after the death of Gus Eckhardt in 1935, W. C. Eckhardt and his wife, Georgia Ruth Eckhardt, continued to occupy and hold possession of both lots 30 and 31, claiming same as their own; and in 1946, when W. C. Eckhardt died, leaving a will which devised all of his property to his wife, she continued to occupy both lots 30 and 31, which occupancy, together with that of her husband was for more than twenty years. Under the facts established, the Chancellor held that defendant, Georgia Ruth Eckhardt, had acquired a title by prescription, and dismissed the complainant's suit. The Court of Appeals, Middle Section, in an opinion by Felts, J., affirmed the decree of the Chancellor, and certiorari was denied by the Supreme Court.

In the Eckhardt case, aside from the difference in the proof adduced, same went to the Court of Appeals with a decree in favor of the defendant and in favor of the claim of title by prescription, which under the provisions of section 27-303, T. C. A., created a presumption in favor

of the Chancellor's decree; whereas, in the case at bar, the judgment of the lower court is against the appellant's claim of title by prescription, and the trial judge's judgment is therefore presumed to be correct unless the evidence preponderates against it. Also, there is a long line of cases, including Drewery v. Nelms, 132 Tenn. 254, 261-263, 177 S. W. 946, 947-948; Marr's Heirs v. Gilliam, 41 Tenn. 488, 499-501; Hydas v. Johnson, 28 Tenn. App. 126, 187 S. W. (2d) 534; and Moore v. Cole, 200 Tenn. 43, 289 S. W. (2d) 695, which have adjudged that a tenant in common holds for the benefit of his co-tenants, as well as for himself, and that, before adverse possession can begin to run against co-tenants, they must be ousted from posession or have actual notice of the adverse claim.

In Moore v. Cole, 200 Tenn. 43, 289 S. W. (2d) 695, in which case this Court was reversed by the Supreme Court, it was held that the Statute of Limitations did not run against a co-tenant, even though the one in possession had executed a deed to the property and then obtained from his grantee a deed reconveying the property to himself and wife for the purpose of creating a tenancy by the entireties, which deeds had been of record for ten years. The Supreme Court ruled in that case that constructive notice furnished by the recording of the deed in question, was insufficient, and that actual notice of the adverse claim by a tenant in common was necessary. From the Supreme Court's opinion, written by Mr. Justice Burnett, we quote as follows:

"The question then is whether or not the conveyance by the Caseys to Williamson in 1941 and the reconveyance to them and the recordation of this deed to R. D. Casey and Eva B. Casey, as husband

and wife, is a sufficient notice to start the running of the statute, in 1941. It was over 10 years thereafter before any action was taken by the present petitioners, the heirs at law of Elizabeth Casey, deceased. We after a great deal of thought and independent investigation, in addition to the excellent briefs filed herein, have concluded that the Court of Appeals was in error in their conclusions.

\*   \*   \*   \*   \*   \*

"This is not a sufficient notice under the authorities in this State. It is true that recordation creates constructive notice as distinguished from actual notice, in that ordinarily actual notice is when one sees with his eyes that something is done or sees the thing or the person, here the Legislature, the lawmaking body of the State, has passed an Act which has been carried into our Codes for many years saying that if a thing, an instrument or a deed or whatnot, was registered that the mere registration of this instrument 'shall be notice to all the world'.

\*   \*   \*   \*   \*   \*

"There is nothing in this record to show an ouster except the conveyance of the property here for the purpose of attempting to create tenancy by the entirety by one tenant in common with his then wife, that is, a deed to the third party for this purpose.

" 'An ouster, in the law of tenancy in common, is the wrongful dispossession or exclusion by one tenant in common of his cotenant or contenants from the common property of which they are entitled to possession. It differs from the acts constituting an ouster in other cases only in the evidence by which

it may be established.' 86 C. J. S., Tenancy in Common, sec. 27, p. 386.

"The authorities generally in this State support this statement. Certainly to constitute an ouster of one tenant in common the evidence that there has been an ouster must be much stronger as between these tenants in common than as between mere strangers. When one attempts to set up an ouster as between tenants in common the evidence should be viewed by the court most strongly against that person who attempts to set up an ouster and in favor of the tenant in common who makes no such attempt. Drewery v. Nelms, 132 Tenn. 254, 177 S. W. 956." Moore v. Cole, 200 Tenn. 50, 51-52, 289 S. W. (2d) 689-699.

In the light of the above quotation, which is the last word of the Supreme Court on the subject, and in view of the fact that, after a careful reading of the record, we cannot say that the evidence in this cause preponderates against the ruling of the trial judge, we hold that the appellant has not made out her claim of exclusive ownership of the property here involved, acquired by prescription.

All of appellant's assignments of error will be overruled, and the judgment of the Circuit Court of Shelby County will be affirmed. The cause will be remanded to the Circuit Court of Shelby County for enforcement of its judgment, by distribution of the fund in court.

The costs of the appeal will be adjudged against the appellant and her surety on the appeal bond, but the Clerk of the Circuit Court of Shelby County may with-

hold such costs from the appellant's share of the fund in that court. The costs of the lower court may be deducted from the fund in court, after which same will be distributed to all of the parties to this cause according to the laws of descent and distribution of the State of Tennessee, as adjudged by the Circuit Court Judge and affirmed by this Court.

Avery, P. J., (W. S.), and Carney, J., concur.

## APPENDIX

Memphis Housing Authority
vs.
Mrs. Phillip William (Lola Mae) Mahoney, et al.
Caroline S. Henry (Originally acquired property)
:
. Phillip Miller married Caroline S. Henry
(On March 30, 1905, Phillip Miller bought property at tax sale (tr. 35)
:

### Children of Phillip and Caroline Miller

| 1. Frank Miller (Died August 27, 1939, on premises Tr. 68, 69) | 2. John Miller (Married Emma Crisp) | 3. Ida Miller (Died June 26, 1937) |
|---|---|---|

### Children of John Miller

| 1. Myrtle M. Smith * | 2. Irene M. Morton, dec. | 3. Mary M. Gillespie * |
|---|---|---|

### Children of Irene M. Morton

| 1. Zeta M. Edwards * | 2. James C. Morton, Jr. * | 3. John D. Morton, dec. |
|---|---|---|

1st marriage, William Mahoney, Dec.

### Child of William & Ida Mahoney

Phillip William Mahoney, Dec.

Married Lola Mae Mahoney *

2nd marriage, John McAssey, Dec.

### Child of John & Ida McAssey

Ollie Josephine Haynes Mount * (Adopted)

3rd Marriage, Bud Sauerman, Dec.

* Parties to this litigation