Edwin PHILLIPS et al., Appellants,

v.

PITTSBURGH CONSOLIDATED COAL COMPANY et al., Appellees.

Edwin PHILLIPS et al., Appellants,

v.

PITTSBURGH CONSOLIDATED COAL COMPANY et al., Appellees.

Supreme Court of Tennessee.

Sept. 7, 1976.

---

**412** ■ ▬▬▬▬▬▬▬▬

J. Michael Lain, Oak Ridge, for appellants.

Sam F. Fowler, Jr., Fowler, Rowntree, Fowler & Robertson, Knoxville, for appellees.

BROCK, Justice.

The two captioned causes were filed, one in Campbell County and the other in adjoining Anderson County, seeking a declaratory judgment and other relief respecting a tract of land which is situated astride the county line. The plaintiffs, appellants in this Court, alleged that they are the grandchildren and great-grandchildren, being the heirs at law, of James and Tilitha Phillips who, it is alleged, owned the land in question as tenants in common with the predecessors in title of the defendants. The defendants filed an answer followed by a motion for judgment on the pleadings which the trial court treated as a motion for summary judgment. This motion for summary judgment was granted by the trial court and the complaint was dismissed. From the order of dismissal, appellants seek review in this Court.

The summary judgment of the trial court was based upon the pleadings, a written stipulation of the parties, through counsel, that "none of the plaintiffs are under 21 years of age or are of unsound mind"; that "none of the plaintiffs or their predecessors in title have paid taxes on the parcels described in paragraph 3 above for more than 20 years"; and that the defendants and their predecessors in title have paid the taxes on the property in dispute for more than 20 years.

The only ground stated in the motion for summary judgment and the ground upon which said summary judgment for the defendant was granted is that the plaintiffs and their predecessors in title have not paid state and county taxes upon the land in dispute for a period of more than 20 years and, therefore, cannot maintain this action because barred by T.C.A. § 28–210 which provides:

"*Action barred by nonpayment of taxes.* —Any person having any claim to real estate or land of any kind, or to any legal

or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom he claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state; provided, that this section shall not apply to persons under twenty-one (21) years of age or to persons of unsound mind if suit shall be brought by them, or any one claiming through them, within three (3) years after the removal of such disability."

■ After the summary judgment was granted by the trial court, the plaintiffs filed a petition to rehear in which they sought relief from that part of the stipulation which states that none of the plaintiffs were under 21 years of age or of unsound mind. They alleged, supported by an affidavit, that since the suit was filed two of the original plaintiffs, Jasper Byrge and Ely Byrge, had died leaving children and heirs under the age of 18 years. The failure of the trial court to grant relief from the stipulation for the reason alleged by the plaintiffs constitutes one of the assignments of error in this Court. This assignment is without merit. The above-quoted statute is tolled by the infancy of the landowner only during the 20 year period in which the taxes are not paid; once the statutory period of 20 years has run, the fact that a landowner dies leaving heirs who are disabled by infancy or unsound mind is of no consequence in applying the statute. See *Ferguson v. Prince,* 136 Tenn. 543, 190 S.W. 548 (1916).

■ The other issue presented by this appeal is whether or not this case, considering the complaint, answer and the stipulations, is an appropriate one for the rendition of a summary judgment. A summary judgment can be granted only when the pleadings, stipulations, and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." T.R.C.P. 56.03. Having reviewed the pleadings and the stipulation in this case, we are constrained to hold that this was not a proper case for rendering a summary judgment.

■ As noted above, the defendants and the trial court relied completely upon the stipulated fact that the plaintiffs and their predecessors in title had not paid state and county taxes on the land in question for more than 20 years. Thus, it was concluded that the plaintiffs' suit was barred by T.C.A. § 28–210, above-quoted. It is our conclusion, however, that this statute does not bar a suit by one tenant in common against another tenant in common who has paid such taxes unless the plaintiff has been disseised or ousted by the defendant. See *Moore v. Cole,* 200 Tenn. 43, 289 S.W.2d 695 (1956); *Memphis Housing Authority v. Mahoney,* 50 Tenn.App. 117, 359 S.W.2d 851 (1962). Without such disseisin or ouster, the payment of taxes by the defendant tenant in common would inure to the benefit of the plaintiff tenant in common, thereby preventing the bar of the statute.

■ It is obvious, therefore, that whether or not the plaintiffs are tenants in common with the defendants and, if so, whether there has been a disseisin or ouster of plaintiffs or their predecessor in title followed by twenty years of their failure to pay taxes are crucial facts in this case. The stipulation filed does not cover these points nor are there any affidavits to establish them. Moreover, whether or not the plaintiffs and defendants are tenants in common is a fact which is disputed by the pleadings. The plaintiffs allege in the complaint that their predecessors in title, James B. and Tilitha Phillips, were tenants in common of the surface rights in the land in question with Ida Hornsby, J. Fowler and C. J. Sawyer, the predecessors in title of the defendants; that Hornsby, Fowler and Sawyer, transferred *their interest* to the Red Oak Lumber Company and eventually the defendants acquired this interest of Hornsby, et al.; and that "the heirs of James B.

Phillips and Tilitha Jane Phillips own the surface rights in the land in question as tenants in common with the defendants," one-third (⅓) interest being owned by the plaintiffs and two-thirds (⅔) interest by the defendants. On the other hand, it is alleged in the answer that "it is denied that James B. and Tilitha J. Phillips were tenants in common of any of the surface rights of said property at the time said property was purchased by the defendant, or at any time during which defendant has owned said property." Further, the answer denies that the plaintiffs own a ⅓ interest or any interest in the property in question.

Because the record upon which the summary judgment was based presented a genuine issue as to a material fact, to-wit: whether or not plaintiffs and defendants are tenants in common, we are of the opinion that the trial court erred in sustaining the defendants' motion for summary judgment and dismissing the complaint.

Accordingly, the decree of the Chancery Court is reversed and this cause remanded for further hearing consistent with this opinion. Costs incurred in this Court will be borne by the appellees.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.