R. O. Smith, Erwin, for appellants.

Thomas J. Seeley, Jr., Erwin, for appellees.

**James H. JEFFERS, et al., Appellants,**

**v.**

**Madonna SHELTON, et al., Appellees.**

Court of Appeals of Tennessee, Eastern Section.

March 10, 1982.

Permission to Appeal Denied by Supreme Court June 14, 1982.

## OPINION

PARROTT, Presiding Judge.

James H. and Wayne R. Jeffers, along with their wives, brought this chancery action seeking partition of 140 acres of mountain land by sale.

The Jeffers are owners of five-sevenths interest in the property, Madonna Shelton a one-seventh interest, and the heirs of Naomi Shelton a one-seventh interest. The defendants are heirs of Elezer Hensley who once owned the entire tract. The Jeffers, in 1973, purchased their five-sevenths interest from the widow and other heirs of Elezer Hensley.

The defendants filed an answer and counter-claim objecting to partition by sale and asked for a partition in kind. Reference was made to the master and, after hearing proof, the master found that it would be equitable to partition the property in kind. Thereafter, three commissioners were appointed to survey the property and partition each of the defendant's one-seventh interest and the plaintiffs' five-sevenths interest. Like the master, the commissioners, found that the property could be divided in kind

and later found the entire tract to be worth $52,503.75. The value placed on the Jeffers' five-sevenths interest was $37,498.18, and each of the one-seventh interests was worth $7,497.54.

A concurrence of the master and the chancellor is conclusive on appeal except where it is upon an issue not proper to be referred, where it is based on an error of law, where it is upon a question of law or mixed fact and law, or where it is not supported by any material evidence. *Black v. Love & Amos Coal Co.*, 30 Tenn.App. 377, 206 S.W.2d 432 (1947); *Evans v. Boggs*, 35 Tenn.App. 354, 245 S.W.2d 641 (1951); see also T.C.A. § 21–1–113.

In *Glenn v. Gresham*, 602 S.W.2d 256 (Tenn.App.1980), the late Judge Ewell, in an opinion involving a partition suit, said:

It is well settled that where the real estate can be partitioned in kind among the parties interested, it should not be sold for division but should be partitioned in kind. *Baumgartner v. Baumgartner*, 17 Tenn.App. 305, 67 S.W.2d 154 (1933, cert. den. 1933); *Gibson's Suits in Chancery*, Section 1105 (5th ed. 1956). A sale for division will be ordered only if the premises are so situated that partition thereof cannot be made or where the premises are of such description that it would be manifestly for the advantage of the parties that the same be sold instead of partitioned. T.C.A. 23–2128 and *Gibson's Suits in Chancery*, Section 1112 (5th ed. 1956). If either of the foregoing conditions exist, a sale is justified. Partition in kind is required only where neither condition exists. *Medley v. Medley*, 61 Tenn.App. 331, 454 S.W.2d 142 (1969, cert. den. 1970). The burden of proof is on him who seeks the sale. *Reeves v. Reeves*, 58 Tenn. 669, 11 Heiskell 546 (1872); *Wilson v. Bogle*, 95 Tenn. 290, 11 Pickle 219 (1985); *Vanderberg v. Molder*, 4 Tenn.Civ.App. (Higgins) 111 (1913).

In our review of this record we find evidence before both the master and the chancellor which supports a division in kind. The only testimony that it would be inequitable to have a partition in kind and that a sale would be beneficial to the owners comes from plaintiff Wayne Jeffers. He reasons that the property would be more valuable if kept in one tract.

Notwithstanding Mr. Jeffers' testimony, we find that there is an abundance of material evidence to support the master's finding and the chancellor's decree. Therefore, we have no choice but to affirm the decree as entered. Let all costs be taxed to appellants.

GODDARD and FRANKS, JJ., concur.