# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### APRIL 22, 2010 Session

## McKENZIE BANKING COMPANY v. BILLY L. COUCH

### Direct Appeal from the Humboldt Chancery Court for Gibson County
### No. H5477      George R. Ellis, Chancellor

### No. W2009-02561-COA-R3-CV - Filed May 12, 2010

The parties each own a one-half undivided interest in property previously used as medical offices. MBC filed a complaint for partition and sale, which the trial court granted, finding that the property could not be partitioned in kind and that it was to the parties' advantage to sell it. Dr. Couch appeals, and we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Harold R. Gunn, Humboldt, Tennessee, for the appellant, Billy L. Couch

Stephen L. Hughes, Milan, Tennessee, for the appellee, McKenzie Banking Company

## OPINION

## I. FACTS & PROCEDURAL HISTORY

Dr. Billy Couch acquired a one-half undivided interest in real property located at 3519 Chere Carol Rd., Humboldt, Tennessee (the "Property") in 1985. At that time, Dr. Robert Baker also owned a one-half undivided interest in the Property. The Property was originally built as a single medical office facility with one large waiting room, but it was later divided into two units by the installation of a wall bisecting the waiting room.[1]

In 1996, McKenzie Banking Company ("MBC") acquired Dr. Baker's interest through foreclosure. The Property was vacant and in a state of disrepair. MBC and Dr. Couch initially agreed to repair and resell the Property, but after reaching an impasse on certain issues, MBC filed a complaint for partition and sale, seeking to have the Property sold by the Clerk and Master, as Special Commissioner. Dr. Couch answered that the Property had been treated as "partitioned" since 1985.

Following a hearing on November 2, 2009, the trial court entered an order granting MBC's complaint for partition and sale. The trial court found that "the subject property is so situated that partition cannot be made and . . . it is manifestly for the advantage of the parties that same should be sold instead of partitioned." Dr. Couch timely appealed.

## II. ISSUES PRESENTED

Appellant presents the following issues for review:

1. Did the trial court err in ordering partition by sale rather than partition in kind; and

2. Did the trial court err in appointing the Clerk and Master as a Special Commissioner to sell the property rather than commissioners to determine whether or not to partition the property in kind.

For the following reasons, we affirm the decision of the chancery court.

---

[1]It is unclear when this wall was erected, but it appears to have been in place when Dr. Couch purchased the Property.

### III. STANDARD OF REVIEW

On appeal, a trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d) (2009); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)). When the trial court makes no specific findings of fact, we review the record to determine where the preponderance of the evidence lies. *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997) (citing *Kemp v. Thurmond*, 521 S.W.2d 806, 808 (Tenn. 1975)). We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

### IV. DISCUSSION

#### A. *Partition by Sale v. Partition in Kind*

On appeal, Dr. Couch contends that the Property could have been partitioned in kind, and therefore, that the trial court erred in ordering its sale. The criteria for ordering a partition sale are clear:

> Any person entitled to a partition of premises . . . is equally entitled to have such premises sold for division, in the following cases:
>
> (1) If the premises are so situated that partition thereof cannot be made; *or*
>
> (2) Where the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned.

**Tenn. Code Ann. § 29-27-201** (emphasis added). "If either of the foregoing conditions exist, a sale is justified. Partition in kind is required only where neither condition exists." *Glenn v. Gresham*, 602 S.W.2d 256, 258 (Tenn. Ct. App. 1980) (citing *Medley v. Medley*, 454 S.W.2d 142 (Tenn. Ct. App. 1969)). MBC, as the party seeking a sale, bears the burden of proof. *Id.* at 258 (citing *Reeves v. Reeves*, 58 Tenn. 669, 11 Heiskell 546 (1872); *Wilson v. Bogle*, 95 Tenn. 290, 11 Pickle 219 (1895); *Vanderberg v. Molder*, 4 Tenn. Civ. App. (Higgins) 111 (1913)).

Dr. Couch's argument that a partition sale cannot be ordered if partition in kind is possible is erroneous. This Court has clearly explained that Tennessee Code Annotated section 29-27-201 does not set forth a two-step analysis for determining whether a partition sale is appropriate. That is, it is not necessary to first determine that a partition in kind is impossible before considering whether a partition sale is to the parties' advantage. Although a property is capable of partition in kind, "[i]f by partition the value of all shares would be less than the value of the tract as a whole then partition would be manifestly inequitable and a sale should be decreed." *Medley*, 454 S.W.2d at 151 (*Summers v. Conger*, 307 S.W.2d 936 (Tenn. Ct. App. 1957); *Bevins v. George*, 255 S.W.2d 409 (Tenn. Ct. App. 1952)).

At trial, testimony regarding both the Property's ability to be partitioned in kind and its value if so partitioned was presented. Each side of the Property was described as having a separate front and rear entrance as well as a separate heating and air unit. However, Michael Creasy, MBC's vice president, testified that the Property had "a little bit of cross wiring[,]" that taxes could not be paid for each half separately, as the Property had been assessed as a single building, and that if the Property was divided, one half would lack access from a public thoroughfare. Furthermore, an expert appraiser testified that building codes proscribed the Property's partition in kind without the erection of a firewall and that one-half of the Property, alone, could not be insured unless a condominium maintenance agreement was executed. Finally, the appraiser valued the Property as a whole at $90,000.00 and each side alone at $35,000.00.

Based on the above unrefuted testimony, we affirm the trial court's order granting MBC's complaint for partition and sale. MBC, although not required to do so, has demonstrated both that a partition in kind cannot be made and that it is manifestly to the parties' advantage to sell the property. *See* **Tenn. Code Ann. § 29-27-201**.

### B.    *Appointment of Clerk and Master as Special Commissioner*

Next, we address Dr. Couch's argument that the trial court erred in refusing to appoint commissioners to partition the Property pursuant to Tennessee Code Annotated section 29-27-114. This statute reads in relevant part:

> Whenever the judgment of partition is rendered, the court will appoint three (3) or more respectable freeholders, any three (3) of whom may perform the duty, to make the partition so adjudged, according to the respective rights and interests of the parties, as the same are ascertained and determined.

In this case, the trial court found the Property unamenable to partition in kind and it appointed the Clerk and Master as a Special Commissioner to advertise and effect its sale. Dr. Couch seems to argue that after ordering a partition sale, a trial court is required to appoint commissioners to attempt a partition in kind "especially when one or more of the owners oppose[s] a sale for partition." This Court has previously addressed whether commissioners must be appointed when land is to be sold for partition. In *Fossett v. Gray*, 173 S.W.3d 742, 753 (Tenn. Ct. App. 2004), we stated:

> A close reading of T.C.A. 29-27-114 [] and related statutes reveals that the appointment of commissioners is contemplated only when a court has ordered land to be partitioned in kind. It is implicit in the phrase, "make the partition so adjudged," that the commissioners will be making a physical partition of the land; i.e., a partition in kind. This reading is borne out by a reading of T.C.A. 29-27-116 [], in which the role of the commissioners is described only in the context of a partition in kind:
>
>> In making partition, the commissioners shall divide the premises and allot the several shares to the respective parties, quality and quantity relatively considered, according to the respective rights and interests of the parties as adjudged by the court, designating the several shares by posts, stones, marked trees, or other permanent monuments; and they may employ a surveyor, with the necessary assistants, to aid therein.
>
> This description of the procedure the commissioners are to follow, "designating the several shares by posts, stones, marked trees, or other permanent monuments," clearly contemplates their involvement only in a partition in kind. Such procedure, performed "according to the respective rights and interests of the parties as adjudged by the court," would have no purpose in a sale for partition. Clearly, the only role contemplated for these commissioners is pursuant to a partition in kind.

Because the trial court properly ordered the Property sold, we find no error in its refusal to appoint commissioners.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to Appellant, Billy L. Couch, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.